1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Maria Crimi Speth 012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
mcs@jaburgwilk.com

Mike Rodenbaugh
California Bar No. 179059
Erin D. Vivion
California Bar No. 262599
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087
info@rodenbaugh.com
*(Pro Hac Vice Application to be filed)*

Attorneys for Plaintiff
Vanity.com, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VANITY.COM,   INC.,   a   Nevada corporation, | Case No. |
| Plaintiff, | **COMPLAINT   FOR   DECLARATORY JUDGMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| VANITY   SHOP   OF   GRAND   FORKS, INC., a North Dakota corporation, | |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Vanity.com, Inc. ("Plaintiff"), by its attorneys, for its Complaint, alleges:

999-206/MCS/DAG/996377_v1

## NATURE OF ACTION

This action seeks a declaratory judgment that Plaintiff's registration and use of the domain name <vanity.com> (hereinafter "the Domain Name") does not constitute trademark infringement, unfair competition, or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful registered name holder or registrant of the Domain Name. Plaintiff seeks to bar the transfer of the Domain Name to Defendant Vanity Shop of Grand Fork, Inc. ("Defendant"). This action also seeks relief for Defendant's bad faith actions constituting common law unfair competition.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction concerning Plaintiff's rights in and to the Domain Name. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States. Pendent jurisdiction exists over the state law claim.

2.      This Court has personal jurisdiction over Defendant because Defendant specifically consented to jurisdiction in this Court by choosing it as the forum for a dispute arising from the UDRP decision, as this forum is the home to GoDaddy, Inc., the registrar of the Domain Name.

3.      Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant.

///

///

///

2

999-206/MCS/DAG/996377_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

**THE PARTIES**

4.      Plaintiff Vanity.com, Inc. is a Nevada corporation formed in 2006, with its principal place of business in Los Altos, California.

5.      Plaintiff and/or its principal have owned the vanity.com Domain Name since 1995.

6.      Plaintiff owns a U.S. federal trademark registration, Registration number 3720766 for the Vanity.com trademark, filed on August 28, 2008 in connection with "On-line journals, namely, blogs featuring cosmetic procedures and surgery related content."

7.      Plaintiff has a legitimate interest in the inherently valuable Domain Name, and has used the Vanity.com trademark and Domain Name in various non-infringing manners *for over seventeen years*, without any bad faith towards Defendant.

8.      Upon information and belief, Defendant Vanity Shop of Grand Fork, Inc. is a North Dakota Corporation with its principal place of business in North Dakota.

9.      Upon information and belief, Defendant manufactures and sells various goods under the trademark "Vanity," and variations thereof,  and has procured U.S. federal trademark registrations in connection with such goods and in connection with retail services selling such goods.

10.      On this basis, Defendant has asserted a meritless legal claim against Plaintiff's rightful property, the Domain Name.  This has created a case of actual controversy for adjudication by the federal courts.

11.      Plaintiff has filed a similar action in the Northern District of California on June 5, 2012, styled *Vanity.com, Inc. v. Vanity Shop of Grand Fork, Inc.*, CV-12-02912 (SI), seeking the same relief on essentially the same claims as asserted herein.

12.      Plaintiff is required to file also in this jurisdiction in order to preserve ownership of its rightful property, the Domain Name, as this jurisdiction was chosen by the Defendant pursuant to the UDRP.  If Plaintiff did not file this action, then the Domain Name registrar would transfer the Domain Name to Defendant pursuant to the terms of the UDRP.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

3

999-206/MCS/DAG/996377_v1

13.     Upon filing this action, Plaintiff will notify GoDaddy of same, which, pursuant to the UDRP, will prevent the transfer of the Domain Name.  Instead, the status quo will be maintained until the Plaintiff and Defendant resolve their dispute before the appropriate federal court in the Northern District of California.

14.     Meanwhile, Plaintiff will seek a stay of proceedings before this Court, so that the ongoing federal action in the Northern District of California can proceed to resolve this dispute between the parties.

## FACTUAL BACKGROUND

### Introduction

15.     Domain Names are not simply Internet Protocol addresses that point and direct Internet users to their desired destination; they are also valuable pieces of property that many liken to the new "real estate" of our burgeoning virtual society.  Domain name and website development is a legitimate and important, multi-billion dollar industry.

16.     Recently, many overreaching trademark owners have sought to capitalize on this thriving market by using weak marks to take advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and swipe valuable descriptive, generic, geographic, keyword and/or dictionary domain names away from their rightful owners.  These abusive filings under ICANN's Uniform Dispute Resolution Policy ("UDRP") are threatening meaningful development of domain name and Internet investment and innovation.

17.     Such is the situation that is before the Court in this Complaint.

18.     On May 15, 2012, Defendant filed a UDRP complaint against Plaintiff regarding the Domain Name.

19.     In the UDRP complaint, despite Plaintiff's legitimate registration and use of the Domain Name for over seventeen years, despite Plaintiff's federal trademark registration for VANITY.COM, and despite Plaintiff's longstanding efforts to develop the domain name into a commercial website, the Defendant alleged that Plaintiff has no rights

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

4

1   or legitimate interests in the Domain Name and has registered and used it in bad faith, in a

2   manner likely to confuse consumers as to the source of Defendant's services.

3       20.     Plaintiff responded to the UDRP complaint by filing a Declaratory

4   Judgment action in the Northern District of California, described above.  Plaintiff notified

5   the National Arbitration Forum of such civil action and requested a dismissal or stay of

6   the UDRP proceeding.  Plaintiff presented evidence of its ownership of the domain name

7   for 17 years, and of its US trademark registration, and argued that this dispute is between

8   two legitimate trademark owners and therefore is not appropriate for the UDRP.

9   Moreover, since the UDRP decision is reviewed *de novo* by any federal court, Plaintiff

10  sought to avoid duplicative and potentially inconsistent litigation.  Alternatively, Plaintiff

11  argued that it should be given ten more days to respond to the Complaint, if the Forum

12  would not stay or dismiss the proceedings in lieu of the civil action in California.

13      21.     The Forum's panelist ignored the latter request completely, and refused to

14  stay or dismiss the proceedings without any reasoning whatsoever for such refusal.

15      22.     The panelist, in incorrectly determining that Plaintiff lacks legitimate

16  interest in the Domain Name and registered it in bad faith, stated:

17          a.  "[E]ven though the Panel finds that the WHOIS information appears to

18  indicate that Respondent is commonly known by the disputed domain name, the Panel

19  concludes that Respondent is not commonly known by the <vanity.com> domain name

20  under Policy ¶ 4(c)(ii)."

21          b.  "Complainant states that Respondent resolves the <vanity.com> domain

22  name to a commercial website offering information, blogs, chat groups, and social media

23  links on beauty, fashion, health, and self topics.  Nonetheless, the Panel finds that

24  Respondent is not engaging in a bona fide offering of goods or services under Policy ¶

25  4(c)(i) or a legitimate noncommercial or fair use of the <vanity.com> domain name under

26  Policy ¶ 4(c)(iii)."

27      23.     As a result of this panelist's incorrect determination, the Defendant has

28  obtained an order from the National Arbitration Forum, directing the transfer of the

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

5

Domain Name to Defendant, thus mandating the taking from Plaintiff of its rightful property.

24.     Under the provisions of the UDRP, the Domain Name would be transferred to Defendant ten business days from notification of the decision to Plaintiff, unless Plaintiff files an action in this Court to overturn the arbitration decision.

25.     Vanity Shop had the right, pursuant to the ACPA, to sue Plaintiff for trademark infringement in federal court.

26.     Indeed, Vanity Shop's counsel specifically suggested in a phone call with Plaintiff's counsel on June 1, 2012 that they might do so, which precipitated Plaintiff's filing of the civil action in California.

<u>The Registration</u>

27.     Plaintiff registered the Domain Name in good faith in 1995, long before the UDRP arbitration process was envisioned or enacted.

28.     Vanity is a common English word, and has obvious inherent, valuable meaning as a trademark for almost any business.  There are some 114 active USPTO trademark records for Vanity-formative marks in various industries, including Plaintiff's trademark registration for Vanity.com, filed in 2008.

29.     Moreover, the Domain Name is the quintessential vanity domain name for any corporation or individual engaged in the multi-billion dollar domain name industry, giving it even greater inherent and non-infringing market value.  Indeed, at one time, Plaintiff provided more than 50,000 "<u>user@vanity.com</u>" email addresses to different internet users.

30.     After registering the Domain Name, Plaintiff and its principal have made demonstrable efforts to create a business under the Domain Name, and otherwise have ensured to maintain control of this valuable property asset.

31.     The registration and use of domain names comprised of generic, geographic, descriptive, keyword and/or dictionary terms is widely recognized as a good faith use.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

6

32.     Plaintiff did not register the Domain Name with the intent to sell it to Defendant, nor to disrupt the Defendant's business, nor to confuse consumers trying to find the Defendant's website.  At the time Plaintiff's principal registered the Domain Name in 1995, the Defendant did not even have a website.

<u>The Weak Mark</u>

33.     The term "Vanity" is a dictionary word in English.  It is commonly used in entertainment titles, for example as the name of musical groups or songs.  It is a furniture unit commonly found in bedrooms and bathrooms.

34.     The word is used by many different businesses in their trademarks across many various industries.  These further include VANITY trademark registrations at the USPTO for fresh fruit and vegetables by A. Duda & Sons alleging use since 1936, for luggage by Samsonite alleging use since 2004, for wines by Wicked Wines alleging use since 2006, for tobacco by Serena S.R.L. based on foreign rights, and for restaurants, nightclubs and bars by HRHH IP, LLC, alleging use since 2009.

35.     Defendant does not own and cannot rightfully claim exclusive rights to use of the word Vanity, as used in a domain name, trademark or otherwise.

<u>Defendant's Activities That Create a Justiciable Controversy</u>

36.     On May 15, 2012, Defendant, via its counsel, filed a UDRP Complaint with the National Arbitration Forum ("NAF").

37.     In the UDRP complaint, Defendants alleged that the Domain Name is confusingly similar to Defendant's trademark, that Plaintiff has no legitimate rights to or interest in the Domain Name and that Plaintiff registered and is using the Domain Name in bad faith.

38.     In the UDRP complaint, Defendant requested the remedy of transfer of the Domain Name.  As discussed above, Plaintiff requested that the arbitration provider dismiss or in the alternative, stay its proceedings in lieu of this Court's determination of Plaintiff's rights in the Domain Name.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

7

39.     Nevertheless, an NAF panelist ordered that the Domain Name be transferred from Plaintiff to Defendant.

40.     In order to protect its valuable property, Plaintiff is forced to bring this action so that the Domain Name registrar will not transfer the name, as it otherwise is required to do under its contract with ICANN, per the terms of the UDRP.

41.     Plaintiff seeks to maintain the status quo, and in particular its ownership of the valuable Domain Name, until the appropriate federal court in Northern California can adjudicate the rights of the parties, as each party is a federal trademark registrant.

42.     Plaintiff further seeks damages and the recovery of its attorneys' fees that have resulted from Defendant's unfair competition for the Domain Name, and from Defendant's otherwise abusive and illegal behavior.

<u>Defendants' Activities that Create a Claim for Unfair Competition</u>

43.     Plaintiff realleges all of the foregoing paragraphs of this Complaint.

44.     Defendant's activities towards Plaintiff constitute unfair competition under common law and under Cal. Bus. & Prof. Code § 17200, et seq.

45.     Defendant's activities are unlawful, unfair and fraudulent; they constitute an illegitimate attempt to obtain Plaintiff's property without just compensation, and an illegitimate attempt to enforce trademark rights far beyond any reasonable interpretation of same.

46.     These activities are unlawful, unfair and fraudulent insofar as third parties may believe Defendant's assertions, and Plaintiff's reputation and business is likely to suffer accordingly.

47.     Moreover, these activities cast a legal cloud on Plaintiff's title to its valuable Domain Name property, rendering such property more difficult if not impossible to sell for its full market value, and thus effectively disabling such property.  This obviously causes economic harm to Plaintiff.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

8

## COUNT I

### (DECLARATORY RELIEF)

48.     Plaintiff realleges all the foregoing paragraphs of this Complaint.

49.     Plaintiff rightfully registered and has used the Domain Name in good faith, and with neither knowledge of Defendant's mark, nor intent to sell the Domain Name specifically to Defendant.  Plaintiff had no intention of diverting any traffic from Defendant's website, and avers that there is no evidence that such has occurred.

50.     In registering the Domain Name, Plaintiff had a legitimate interest in the inherent, generic value of the Domain Name and has used the Domain Name consistently with such purpose.

51.     VANITY is a common, generic word.  Defendant's putative rights in the VANITY mark are far from exclusive; they are weak and narrowly confined to various goods and retail services.  Defendant has no exclusive right to the use of the term "Vanity" as a trademark or otherwise.

52.     Plaintiff believed and had reasonable grounds to believe, based on the market for generic domain names, as well as prior legal decisions and decisions under the UDRP and the ACPA (and their predecessor case law, to the extent any existed in 1995), that the registration and use of the Domain Name as a generic word and in connection with non-infringing business endeavors was lawful.

53.     For more than seventeen years, Plaintiff has had quiet enjoyment of her property in good faith, never hearing any complaint from Defendant or anyone else about her ownership of the Domain Name.

54.     Now Defendant's counsel has filed and prevailed in an administrative action, contending essentially that Plaintiff used the Domain Name in violation of anti-cybersquatting and unfair competition laws.  Defendant's counsel has further suggested that a 'cease and desist' notice and federal lawsuit are imminent.

55.     Defendant's agent filed the UDRP complaint, contending that Plaintiff registered and used the Domain Name in bad faith.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

9

1    56.    The UDRP provides that administrative panel decisions may be stayed, and

2    that subject domain name disputes may be resolved in a court of competent jurisdiction –

3    regardless of the UDRP panelists' findings.  The federal courts have held that such review

4    is to be made *de novo*.

5    57.    A justiciable controversy exists between Plaintiff and Defendant.

6    58.    To resolve this actual controversy, Plaintiff seeks a declaration and

7    judgment that its registration and use of the Domain Name is with the legitimate interest

8    of exploiting its inherent value as a generic term, and/or is consistent with documented

9    legitimate business efforts, and constitutes good faith use.  Plaintiff seeks to remove the

10   legal cloud over title to Plaintiff's valuable property, which has been created by

11   Defendant's actions.

12

13                                **COUNT II**

14                        **(COMMON LAW UNFAIR COMPETITION)**

15   59.    Plaintiff realleges all paragraphs of this Complaint.

16   60.    Defendant has filed and prevailed in a UDRP complaint and has suggested

17   legal proceedings, contending that Plaintiff used the Domain Name in violation of anti-

18   cybersquatting, trademark and unfair competition laws.

19   61.    Defendant's wrongful and baseless accusations of infringement have created

20   a cloud on Plaintiff's title to the Domain Name.

21   62.    As a result of Defendant's past and continued wrongful acts, Plaintiff has

22   incurred damages in an amount to be proved at trial, including compensation for

23   Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless

24   claims.

25

26   ///

27   ///

28   ///

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10

1

## COUNT III

2

### (UNFAIR COMPETITION)

3

Cal. Bus. & Prof. Code § 17200, et seq

4

63.     Plaintiff realleges all paragraphs of this Complaint.

5

64.     Defendant has filed and prevailed in a UDRP complaint and has suggested

6

legal proceedings, contending that Plaintiff used the Domain Name in violation of anti-

7

cybersquatting, trademark and unfair competition laws.

8

65.     Defendant's wrongful acts, as described in this Complaint, are unlawful,

9

unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of

10

Cal. Bus. & Prof. Code § 17200, et seq.

11

66.     As a result of Defendant's past and continued wrongful acts, Plaintiff has

12

incurred damages in an amount to be proved at trial, including compensation for

13

Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless

14

claims.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

15

16

## COUNT III

17

### (INJUNCTIVE RELIEF 15 U.S.C. s 1114(2)(D)(v))

18

67.     Plaintiff realleges all paragraphs of this Complaint.

19

68.     15 U.S.C. s 1114(2)(D)(v) provides that a domain name registrant whose

20

domain name has been suspended, disabled, or transferred under a policy described under

21

clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the

22

registration or use of the domain name by such registrant is not unlawful under this

23

chapter.

24

69.     15 U.S.C. s 1114(2)(D)(v) provides that the court may grant injunctive relief

25

to the domain name registrant, including the reactivation of the domain name or transfer

26

of the domain name to the domain name registrant.

27

70.     Injunctive relief is appropriate in this action to prevent the reverse domain

28

name hijacking engaged in by Vanity Shops.

11

71.     Pursuant to 15 U.S.C. § 1114(2)(D)(iv), if a registrar, registry, or other registration authority takes an action described under clause (ii) based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorney's fees, incurred by the domain name registrant as a result of such action. The court may also grant injunctive relief to the domain name registrant, including the reactivation of the domain name or the transfer of the domain name to the domain name registrant.

72.     The decision of the NAF was based on the knowing and material misrepresentations of Defendant which resulted in Plaintiff incurring damages including attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. a declaration that Plaintiff has not infringed and is not infringing the trademark rights of Defendant;

B. a declaration that Plaintiff has not violated and is not violating unfair competition law;

C. a declaration that Plaintiff has not violated and is not violating the ACPA;

D. a declaration that Plaintiff registered and has used the Domain Name in good faith and is the rightful registrant of the Domain Name;

E. a declaration that the NAF decision was wrongfully issued, reversing the decision, and ordering it expunged;

F. a finding awarding Plaintiff monetary compensation for damages sustained by Defendant's wrongful actions as alleged in this Complaint;

G. an award of reasonable attorneys' fees and expenses; and,

H. such other and further relief as the Court may deem just and proper.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

999-206/MCS/DAG/996377_v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.


Dated:        July 3, 2012


                                        JABURG & WILK, P.C.


                                        s/Maria Crimi Speth
                                        Maria Crimi Speth

                                        **RODENBAUGH LAW**
                                        Mike Rodenbaugh
                                        RODENBAUGH LAW
                                        584 Market Street
                                        San Francisco, CA  94104
                                        *(Pro Hac to be filed)*

                                        Attorneys for Plaintiff Vanity.com, Inc.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

999-206/MCS/DAG/996377_v1