**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanity.Com, Inc., ) | No. CV 12-1446-PHX-JAT (Lead) |
| ) | CV 12-2120-PHX-JAT (Cons) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ) | |
| Vanity Shop of Grand Forks, Inc., ) | |
| ) | |

Pending before the Court is the parties' stipulation to file a motion to disqualify under seal (Doc. 43). The stipulation also seeks to seal exhibits D-G of the motion, but nonetheless lodged the entire motion and all exhibits under seal.

Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted).[1] This means "the party must articulate compelling reasons [or good cause] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179 (internal quotations omitted). Further, the Court of Appeals has held that blanket, stipulated-to protective orders, "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized

---

[1] For a non-dispositive motion, the standard is "good cause." *Kamakana*, 447 F.3d at 1179.

showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Finally, generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed. *Kamakana*, 447 F.3d at 1183-84. Thus, after balancing the competing interests of the public and the party who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial records, it must base it decision on a compelling reason [or good cause] and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotations omitted).

Here, the parties seek to seal the entire motion. That request is denied. For example, page 3 starting at line 23.5 through page 4 at line 16 is a recitation of the law. The Court can think of no reason why a legal standard citing published cases would need to be sealed.

Additionally, the parties argue that the information they wish to seal is confidential business, marketing and financial information. However, the parties do not cite a single case where a Court has found any of this type of information to fall within the good cause or compelling reasons standard. Finally, the parties cannot make a blanket assertion that all of this information is "confidential." They must make a particularized showing as to each document from which this Court can "articulate the factual basis for its ruling." *See id.* at 1179 (internal quotations omitted); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (reversing and remanding because the district court failed "to articulate any reasoning or findings underlying its decision to seal").

Based on the foregoing,

/ / /

/ / /

/ / /

/ / /

1   **IT IS ORDERED** that the stipulation to seal (Doc. 43) is denied, without prejudice.
2   The lodged proposed sealed motion (lodged at Doc. 44) shall not be filed, but shall remain
3   under seal (*see* Local Rule Civil 5.6(e)).

   DATED this 5th day of March, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge